NATIONAL ATHLETIC CLUB OF AMERICA v. BINGHAM, Police Com'r, et al. WHIRLWIND ATHLETIC CLUB v. SAME. BROWN'S ATHLETIC ASS'N v. SAME.

(Supreme Court, Special Term, New York County. April 12, 1909.)

TRIAL (§ 13*)—CALENDARS—PREFERRED CAUSES.

Code Civ. Proc. § 791, subd. 2, giving a preference to an action in which the city of New York or a board of officers exercising statutory powers for the prevention or punishment of statutory violations, etc., enacted while the head of the police department of New York City consisted of a board of officers, gives a preference to an action against the police commissioner of the city, who is, under Laws 1901, p. 1, c. 466, the head of the police department, with powers and duties and functions of the board constituting the head of the department under prior laws.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Actions by the National Athletic Club of America, by the Whirlwind Athletic Club, and by Brown's Athletic Association against Theodore A. Bingham, as Police Commissioner, and others. Motion for a preference granted.

James A. Deering (J. C. Toole, of counsel), for plaintiffs.
Francis K. Pendleton, Corp. Counsel (John H. Greener, of counsel), for defendants.

GIEGERICH, J. The question presented by these motions is whether the police commissioner, who is made a party to these actions, is entitled to a preference of the trial of the same under the provisions of subdivision 2 of section 791 of the Code of Civil Procedure. That subdivision, so far as material to be quoted, is as follows:

"(2) An action or special proceeding in which the city of New York or a board of officers, exercising powers conferred by a statute for the protection

of public health or public or private property, or for the prevention or punishment of violations of a statute relating to either of those subjects. * * * "

In opposition to the motion it is argued that the statute awards a preference, in explicit terms, only to a board of officers, and not to an individual officer. In order to properly understand and construe the statute, it is necessary to consider the provisions of the old (Laws 1882, p. 1, c. 410) and new charter (Laws 1897, p. 1, c. 378, as amended by Laws 1901, p. 1, c. 466). At the time the subdivision of the Code section under consideration was amended by chapter 397, p. 563, of the Laws of 1882, and again by chapter 136, p. 262, of the Laws of 1898, the head of the police department, as well as the heads of various other city departments, consisted of boards of officers, instead of single officers (Laws 1882, pp. 8, 9, c. 410, §§ 34 to 45, both inclusive). When the new charter was amended by chapter 466, p. 1, of the Laws of 1901, changes were made by substituting single commissioners in place of boards as heads of several departments, among them the police department; section 99 of such act providing that "the head of the police department shall be called the police commissioner." Furthermore, section 1, c. 33, p. 41, of the Laws of 1901 provided as follows:

"Section 1. The terms of office of the police commissioners of the city of New York, heretofore constituting the police board, shall cease and determine within ten days after the passage of this act, and the powers, duties and functions now by law exercised by and imposed on them are hereby granted to and concentrated upon and vested in a single police commissioner. * * * "

From the statutes above cited it appears that at least as far back as 1882 it was the policy of the Legislature to permit a preference to actions in which the head of the police department was a party. It is not difficult to discover good reasons which moved the Legislature to grant such a preference. Of all the city departments it is perhaps the most important that a speedy determination be made of issues in actions and proceedings affecting the police department. Questions affecting the maintenance of the public peace are at least as urgent as any others. But neither the urgency of such questions nor their character in any other respect is at all affected by the fact that the head of the police department consists of a single officer, instead of several. Under such circumstances the language of the statute should not be construed too narrowly.

My conclusion is that in conferring upon a single police commissioner, who was substituted in place of the former several police commissioners, the powers, duties, and functions previously belonging to them, it was the intention of the Legislature that a preference should continue to be granted in actions and proceedings to which the police commissioner was a party. It must be confessed that more apt terms might have been selected to express such intention than those employed in section 1, c. 33, p. 41, of the Laws of 1901, above quoted; but still I find less difficulty in holding that the legislative purpose was to continue the provision for a preference than in taking the opposite view.

Motions granted. Settle orders on notice.